**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MICHELY PAIVA ALVES,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF JUSTICE, et al.,**<br><br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. EP-25-CV-306-KC** |
| **MICHELY PAIVA ALVES,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**DEPARTMENT OF HOMELAND SECURITY,**<br><br>**Respondent.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. EP-26-CV-1909-KC** |

**ORDER**

On this day, the Court considered the case. On August 11, 2025, Alves filed a Petition for Writ of Habeas Corpus ("Petition), ECF No. 1, represented by counsel.[1] As Alves was detained at the border when she attempted to enter the United States for the first time, the only claim available to her is that of prolonged mandatory immigration detention under the Due Process Clause as a pre-entry detainee. *See* Sept. 24, 2025, Order 3, ECF No. 17. Due to the nature of her claim, Alves' Petition remains pending.

[1] All references in this Order are to the docket in case EP-25-CV-306-KC unless otherwise noted.

On July 15, 2026, Alves filed a new habeas petition and a motion to proceed in forma pauperis. *See* Mot., *Alves v. Dept. Homeland Sec.*, 3:26-cv-1909-KC (W.D. Tex. July 15, 2026), ECF No. 1; Pet., *Alves*, 3:26-cv-1909-KC (W.D. Tex. July 15, 2026), ECF No. 1-1.

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate actions pending before it if they involve a common question of law or fact. Fed. R. Civ. P. 42(a); *Hall v. Hall*, 584 U.S. 59, 77 (2018). When deciding whether to exercise that discretion, courts consider factors including (1) whether the actions are pending before the same court; (2) whether common parties are involved; (3) whether any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudications; and (4) whether consolidation will conserve judicial resources. *Clark v. PNC Bank, N.A.*, No. 5:13-cv-799-XR, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013) (citation omitted). Consolidation alone "does not merge suits into a single cause[] or change the rights of the parties." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Because "merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately," courts must issue independent "verdicts and judgments" for consolidated cases. *Hall*, 584 U.S. at 76 (quotation omitted).

Here, all factors counsel in favor of consolidation. In Cause No. EP-26-CV-1909-KC, Alves's allegations are identical and the grounds on which she challenges her detention and the relief she requests are all the same. The two cases are pending before this Court. Alves is the Petitioner in both cases, and the claims in both cases are brought against actors in the federal government who are responsible for her detention. Consolidating the cases would alleviate any

potential confusion, streamline the adjudication of all claims, and conserve judicial resources. Accordingly, it is appropriate to consolidate Alves's new case into EP-25-CV-306-KC.

Separately, Alves filed the new petition pro se. Her initial petition was filed pro se, but she is now proceeding there with the assistance of counsel.

Accordingly, the Court **ORDERS** that case EP-26-CV-1909-KC be **CONSOLIDATED** into case EP-26-CV-306-KC.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** this Order in both case EP-26-CV-1909-KC and EP-26-CV-306-KC.

**IT IS FURTHER ORDERED** that the Clerk may take any additional steps necessary to effectuate this consolidation.

**IT IS FURTHER ORDERED** that the parties shall **FILE** all future filings in case EP-26-CV-306-KC.

**IT IS FURTHER ORDERED** that all other deadlines in the Court's March 23, 2026, Order, ECF No. 30, remain in effect.

**IT IS FURTHER ORDERED** that Alves' counsel of record shall **FILE** notice stating whether they continue to represent Alves in this matter, and if so, clarifying her latest request for relief. If counsel no longer intends to represent Alves, they shall file a Motion to Withdraw that meets the requirements of Local Rule AT-3. They must do so **by no later than September 23, 2026**.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to Alves at the address on file.

**SO ORDERED.**

SIGNED this 22nd day of July, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE